IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

Dominique Palmer,

Plaintiff,

v.

Equus Workforce Solutions (Owned by BrightSpring &amp; Acquired by APM),

Defendant.

CIVIL ACTION NO.

COMPLAINT

1. Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101, et seq.), the Rehabilitation Act, and the Civil Rights Act of 1866 (42 U.S.C. § 1981).

2. Venue is proper in this district under 28 U.S.C. § 1391 because the unlawful employment practices took place in Houston, Texas, within the Southern District of Texas.

3. Plaintiff has exhausted all administrative remedies with the Equal Employment Opportunity Commission (EEOC) and received a Right to Sue letter dated November 6, 2024.

2. Parties

4. Plaintiff, Dominique Palmer, is a resident of Houston, TX and was employed by the defendant at Equus Workforce Solutions, 8373 Westheimer Rd, Houston, Texas location.

5. Defendant, Equus Workforce Solutions, is a company headquartered at:

9510 Ormsby Station Road, Suite 104, Louisville, Kentucky 40223.

• Defendant was previously owned by BrightSpring and later acquired by APM (Arbor).

• Defendant employs over 3,500 workforce professionals across more than 350 locations in North America and qualifies as an employer under Title VII and the ADA.

3. Statement of Facts

6. Plaintiff was employed by Defendant from July 27, 2023 to Present as an Eligibility Specialist. I am on Short Term Disability Leave at this time.

7. Discrimination Based on Race, Sex, and Disability: Throughout employment, Plaintiff was subjected to discrimination…

Throughout employment, Plaintiff was subjected to discrimination based on race, sex, and disability, including but not limited to:

• Unequal treatment compared to similarly situated employees.

• Being targeted, harassed, isolated, and subjected to hostile work conditions.

• Denied reasonable accommodations despite providing medical documentation for Type 1 Diabetes.

• Required to sign "M" in a logbook due to a disability, while non-Black, non-disabled employees were not required to do so.

• Retaliated against for reporting discrimination and workplace misconduct.

8. Plaintiff was subjected to continuous hostile and retaliatory behavior after reporting misconduct, including but not limited to:

• Harassment and bullying by Margaret Shannon, which escalated despite multiple complaints.

• Plaintiff was forced to file a protection order against Margaret Shannon due to her menacing behavior and the Defendant's failure to protect Plaintiff from workplace harassment.

• The Harris County District Court granted the protection order on April 26, 2024 after Plaintiff reported continued threatening behavior.

• Despite the protection order, Defendant failed to take corrective action and allowed Margaret Shannon to continue engaging in retaliatory actions, contributing to a hostile work environment and concern for safety.

• Plaintiff was forced to work in isolation while being prohibited from entering certain workspaces.

• Surveillance, micromanagement, and false reports to undermine Plaintiff's work performance.

• Instructed to alter work hours and forced to use PTO or go unpaid, despite having worked those hours.

9. Failure to Accommodate Disability (ADA Violations): Plaintiff has Type 1 Diabetes and requires medical accommodations under the ADA...

10. Defendant failed to process and "lost" Plaintiff's medical accommodation requests multiple times.

11. Despite medical documentation, Defendant:

- Refused to acknowledge accommodations provided by Sedgwick.

- Did not allow Plaintiff to properly record breaks for medical needs.

- Denied access to necessary work tools (such as a functional laptop), affecting Plaintiff's job

performance.

12. Violation of Wage and Hour Laws: Plaintiff was required to attend meetings before official clock-in time but was not compensated for this time...

12. Plaintiff was required to attend meetings before official clock-in time but was not compensated for this time.

13. Local management, including Angel Almanza, Latoya Pommier, Tabitha Terrell, and Margaret Shannon, instructed staff not to clock in until 8:00 AM, despite requiring early arrival.

14. Defendant failed to provide proper access to timekeeping systems, leading to unpaid wages.

Retaliation for Complaints and Whistleblowing

15. After Plaintiff filed internal complaints and reported issues to Human Resources, the HGAC Board, Corporate, Harris County, TWC, and EEOC, Defendant:

- Denied Plaintiff's approved accommodations.
- Isolated Plaintiff in the workplace and imposed arbitrary restrictions.

- Failed to provide timely responses to complaints.
- Recommended termination based on false allegations, including falsely claiming Plaintiff "walked off the job" during a medical emergency.

4. Causes of Action

COUNT I – VIOLATION OF TITLE VII (RACE & SEX DISCRIMINATION)

16. Defendant's actions constitute unlawful discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964.

COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) & REHABILITATION ACT

17. Defendant's failure to accommodate Plaintiff's disability and adverse employment actions constitute violations of the ADA (42 U.S.C. § 12112) and Rehabilitation Act.

COUNT III – RETALIATION (TITLE VII & ADA)

18. Defendant retaliated against Plaintiff for reporting discrimination, in violation of Title VII and the ADA.

COUNT IV – VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)

19. Defendant failed to properly compensate Plaintiff for required early meetings and time worked, in violation of the Fair Labor Standards Act (FLSA).

5. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Declaratory Relief: A ruling that Defendant's actions violated federal anti-discrimination laws.

B. Injunctive Relief: Ordering Defendant to implement policies preventing future discrimination and retaliation.

C. Back Pay: Compensation for unpaid wages, lost benefits, and lost promotions.

D. Front Pay: If reinstatement is not feasible, Plaintiff requests monetary compensation for future earnings.

E. Compensatory Damages: For emotional distress, mental anguish, and pain and suffering.

F. Punitive Damages: Due to Defendant's willful and malicious conduct.

G. Attorneys' Fees and Court Costs.

H. Tax Liability Compensation: If awarded back pay, Plaintiff requests additional compensation to offset any negative tax consequences of receiving a lump sum settlement.

I. Any other relief the Court deems just and proper.


6. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,


Dominique Palmer

5401 Chimney Rock Rd. Apt 972

Houston, TX 77081

Dompal2020@gmail.com  614-584-8327